**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 15-1682**

———

MOHAMMAD FURQAN,

                Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

———

On Petition for Review of an Order of the Board of Immigration Appeals.

———

Submitted:  December 17, 2015     Decided:  December 21, 2015

———

Before WILKINSON, SHEDD, and DIAZ, Circuit Judges.

———

Petition dismissed in part, denied in part by unpublished per curiam opinion.

———

Marc Seguinót, SEGUINÓT & ASSOCIATES, PC, Fairfax, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Furqan, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his application for a waiver of inadmissibility and denying the motion to remand. We dismiss in part and deny in part the petition for review.

Any alien who "willfully misrepresent[s] a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i) (2012). An alien who is inadmissible is ineligible for adjustment of status. 8 U.S.C. § 1255(a)(2012). An inadmissible alien may be eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1) (2012), if he shows that his removal would be an extreme hardship to a qualifying relative. "No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under" this section. 8 U.S.C. § 1182(i)(2) (2012); see also 8 U.S.C. § 1252(a)(2)(B)(i) (2012) ("no court shall have jurisdiction to review [] any judgment regarding the granting of relief under [§ 1182(i)]"). The court retains jurisdiction to consider constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D) (2012).

"[T]he jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) applies where the basis for the discretionary decision [to deny a motion to remand] addresses the merits of an enumerated provision." Sorcia v. Holder, 643 F.3d 117, 126 (4th Cir. 2011) (internal quotation marks omitted). Here, the Board concluded that a remand was not warranted because Furqan did not submit sufficient evidence to establish prima facie eligibility for a waiver of inadmissibility. The statute authorizing a waiver of inadmissibility is one of the enumerated provisions under § 1252(a)(2)(B). Because the Board's decision denying Furqan's motion to remand was based on his eligibility for the waiver, we do not have jurisdiction to review the decision except for constitutional claims and questions of law. Because Furqan does not raise a constitutional claim or a question of law concerning the denial of the motion to remand, we dismiss in part the petition for review.

The Attorney General has the burden of showing by clear and convincing evidence that Furqan willfully misrepresented a material fact seeking to procure an immigration benefit. Xing Yang Yang v. Holder, 770 F.3d 294, 303 (4th Cir. 2014). "[A] misrepresentation is willful if it was deliberate and voluntary." Id. A material misrepresentation "must be of the sort that would affect the ultimate immigration decision." Id. at 305. We review a material misrepresentation finding for

3

substantial evidence.  <u>Id.</u> at 304.  After reviewing the record and considering Furqan's arguments, we conclude that substantial evidence supports the finding that Furqan willfully made a material misrepresentation of fact that made him inadmissible and ineligible for adjustment of status.[*]

Accordingly, we dismiss the petition for review from that part of the Board's order denying Furqan's motion to remand and deny the petition for review from that part of the Board's order dismissing his appeal from the IJ's decision.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>DENIED IN PART</u>

---

[*] Insofar as Furqan argues that he retracted his misrepresentation in a timely manner, we are without jurisdiction to review this argument because Furqan did not exhaust the argument by raising it on appeal to the Board.  8 U.S.C. § 1252(d)(1) (2012); <u>Tiscareno-Garcia v. Holder</u>, 780 F.3d 205, 210 (4th Cir. 2015) (alien who does not raise claim to the Board fails to exhaust administrative remedies).

4